UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS D. MILLER | CIVIL ACTION |
| VERSUS | NO. 09-5457 |
| CHET MORRISON CONTRACTORS, L.L.C. | SECTION "K" (3) |

On this date, defendant's Motion to Compel Functional Capacity Evaluation [Doc. #6] came on for oral hearing before the undersigned. Present were Bobby Delise on behalf of plaintiff and John Esnard on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the memoranda, the case law and the parties' argument, the Court rules as follows.

**I.    Background**

On or about January 31, 2009, plaintiff was employed by defendant as a rigger and as a seaman and member of the crew of the pipe-laying barge CM 15, which defendant allegedly owns and controls. On that date, plaintiff was attempting to attach a cable and shackle to the crane ball when he allegedly fell backwards, resulting in injury, subsequent surgery and permanent damage and disability. Plaintiff asserts general Jones Act claims, claims for unseaworthiness and negligence

and maintenance and cure.

## II. The Parties' Contentions

### A. Defendant's Motion

Defendant seeks an order compelling plaintiff to undergo a functional capacity evaluation ("FCE") with Dr. Richard Bunch. Dr. Chris Cenac recently examined plaintiff at defendant's request and opined that plaintiff has attained maximum medical improvement ("MMI") and that he is a candidate for an FCE and vocational rehabilitation services. Defendant then scheduled the FCE, but plaintiff declined to attend until he was able to explore his options with his treating physician.

Dr. Alan Appley, a neurosurgeon, is plaintiff's treating physician. Appley has referred plaintiff to the Fontana Center for physical therapy. The Fontana Center's goal is to return parties to modified work duty. Defendant argues that this is the very purpose of an FCE. Citing *Bergeron v. Beverly Dredging, L.L.C.*, Civ. A. No. 08-3753, 2009 WL 1140414 (E.D. La. Apr. 27, 2009), defendant notes that this Court has ordered an FCE under similar circumstances.

### B. Plaintiff's Opposition

Appley performed an L4-5 Microdiskectomy on plaintiff, and plaintiff notes that his treatment is ongoing. Plaintiff notes that no treating physician has suggested an FCE, and plaintiff has undergone none. Plaintiff argues that he has not reached MMI and is a candidate for further surgery as a result of complications from the initial surgery, his need to lose weight and his continued complaints of symptoms.

Plaintiff notes that no physician has released him nor suggested that he is at MMI. Plaintiff thus argues that defendant's motion is premature. Plaintiff contends that his ability to return to work

2

is not yet in controversy. Appley has not released him. Should Appley release him to work, there is no value in an FCE. Plaintiff argues that an FCE is typically used to resolve a dispute among physicians as to an individual's ability to return to work. To date, there is no dispute to resolve. Plaintiff argues that defendant's motion must fail because plaintiff's ability to return to work is not yet an evidentiary issue.

Citing case law from this Court, plaintiff argues that an FCE would be premature at this time because plaintiff is still undergoing treatment and may undergo further surgery. Moreover, plaintiff notes that courts have denied FCEs when the plaintiff has not undergone one with his own experts, does not intend to do so and has undergone evaluation by the defendant's expert. Plaintiff here is scheduled for a vocational rehabilitation examination by defendant's expert.

Plaintiff argues that granting defendant's motion will only lead to an increased cost in litigation because plaintiff will then have to retain an expert to perform his own FCE.

## III. Law and Analysis

Under Federal Rule of Civil Procedure 35, whenever the physical condition of a party is in controversy the court *may* require the party to submit to a physical examination. Although the party moving for such an order must show good cause, a plaintiff in a negligence action who asserts physical injuries places the extent of the injuries in controversy and provides the defendant with good cause for an examination.

For the following reasons, however, the Court denies the motion. The Court finds that the case law on which plaintiff relies is apposite. *See, e.g., Borganelli v. Grand Isle Shipyard, Inc.*, No. Civ. A. 04-2419, 2005 WL 1038104, (E.D. La. Apr. 22, 2005) (denying motion for FCE when plaintiff still undergoing treatment and may undergo surgery and plaintiff had not submitted to FCE

by his own expert); *Magee v. Pride Offshore, Inc.*, No. Civ. A. 03-781, 2004 WL 224561 (E.D. La. Feb. 3, 2004) (denying motion for FCE when plaintiff had not reached MMI and may need additional surgery and relying on *Fuller* to find that FCE unnecessary because plaintiff had not had FCE by own expert); *Fuller v. United States*, No. Civ. A. 00-2791, 2002 WL 287729 (E.D. La. Feb. 26, 2002) (denying motion for FCE and finding it unnecessary because plaintiff had not retained own expert to perform FCE and had only listed physician to testify at trial).

The Court finds that an FCE would be premature at this time given that further surgery is contemplated and that no treating physician has released plaintiff for having attained MMI. Moreover – and as it stands now – an FCE is unnecessary because plaintiff has not retained his own expert to perform an FCE and as of now only intends to use his treating physician as an expert at trial.

The Court finds *Bergeron* distinguishable. There, the plaintiff had turned over his expert report to defense counsel which detailed the result of the plaintiff's vocational evaluation *and* functional capacity assessment. *Bergeron*, 2009 WL 1140414, at *1. The Court thus held that defendants were entitled to have their FCE expert opine on plaintiff's functional work capacity. *Id.* The Court noted that "[o]ne of the purposes of Fed. R. Civ. P. 35 is to level the playing field when a party's physical or mental capacity to engage in gainful employment is at issue." *Id.* at *2. Here, there is no playing field to level because plaintiff has engaged no expert to perform an FCE on which defendant's expert needs to opine.

**IT IS ORDERED** that the Motion to Compel Functional Capacity Evaluation [Doc. #6] is DENIED.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**